# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RORY DYSON, Individually and on Behalf of All Others Similarly Situated,** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 1:15-cv-282 RP** |
| **V.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **STUART PETROLEUM TESTERS, INC., and SCOTT YARIGER,** | § | |
| **Defendant.** | § | |
| | § | |

---

## PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION AND AUTHORIZATION FOR NOTICE

---

Pursuant to § 216(b) of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., (the "FLSA"), Plaintiff, by and through undersigned counsel, hereby submits this Motion for Conditional Certification and *Hoffman La Roche* Notice (the "Motion"). This Motion is brought against Defendant Stuart Petroleum Testers, Inc. and Scott Yariger (collectively "Defendants"). Counsel for Plaintiffs conferred with counsel for Defendants regarding this motion. Defendants are opposed to the relief requested herein.

# I. TABLE OF CONTENTS

I. TABLE OF CONTENTS ........................................................................................................ ii

II. TABLE OF AUTHORITIES ............................................................................................. iii

**I. BACKGROUND AND SUMMARY OF RELIEF REQUESTED** .................................. 1

III. CONDITIONAL CERTIFICATION SHOULD BE GRANTED AT THIS TIME ............ 3

    A. The standard for granting conditional certification in a *collective* action is "lenient" and substantially lower than the standard for a Rule 23 *class* action. ................................................ 4

       i. Section 216(b) only requires Plaintiffs be similarly situated. .......................................... 4

       ii. The courts in this district apply a two-stage certification process. .............................. 5

       iii. Plaintiff's burden at the first stage has been described as "fairly lenient." .................. 5

    B. Plaintiff and the proposed Class are similarly situated and conditional certification should be granted. ...................................................................................................................... 8

    C. Other flow testers want to opt-in to this lawsuit. ........................................................... 11

    D. Misclassification cases are routinely certified under the FLSA. ..................................... 12

IV. THE PROPOSED NOTICE IS TIMELY ACCURATE AND INFORMATIVE. THE NOTICE SHOULD BE SENT VIA REGULAR MAIL AND EMAIL. ...................................... 13

V. CONCLUSION ................................................................................................................. 19

## II.    TABLE OF AUTHORITIES

**Cases**

*Albanil v. Coast 2 Coast, Inc.*, No. Civ. A. H-08-486, 2008 WL 4937565, at *3 (S.D.Tex. Nov.17, 2008) ...................................................................................................................... 9

*Altier v. Worley Catastrophe Response, LLC,* 2012 WL 161824, at *27 (E.D.La. Jan.18, 2012) ...................................................................................................................... 18, 20

*Barnett v. Countrywide Credit Indus., Inc.,* No. 3:01-CV-1182-M, 2002 WL 1023161, at *1 (N.D.Tex. May 21, 2002) (Lynn, J.) ............................................................................... 6

*Beall v. Tyler Technologies, Inc.,* 2009 WL 1766141 (E.D.Tex. June 23, 2009) ..................... 6

*Beall v. Tyler Technologies, Inc.,* 2009 WL 1766141 at *4 (E.D. Tex. June 23, 2009) ............. 17

*Beall v. Tyler Technologies, Inc.*, 2009 WL 3064689, at *1 (E.D.Tex. 2009) .......................... 18

*Bullard v. Camin Cargo*, Civil Action No. 4:13-cv-00027, Doc. 27 at page 4 (S.D. Tex. Aug. 9, 2013) .................................................................................................................... 17, 21

*Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012) ................................ 19

*Butler*, 876 F. Supp. 2d at, 575 ........................................................................................ 18, 20

*Covey, et al. v. Iron Cactus, et al.*, Civil Action No. 1:12-cv-00111, Doc. 43 at pages 1-2  (W. D. Tex. May 18, 2012)..................................................................................................... 20

*Davis v. Mostyn Law Firm, P.C.,* 2012 WL 163941 at *11 (S.D. Tex. Jan. 19, 2012) ............... 17

*Dreyer v. Baker Hughes Oilfield Operations, Inc.*, CIV.A. H-08-1212, 2008 WL 5204149 (S.D. Tex. Dec. 11, 2008)......................................................................................................... 3

*Eggelston v. Sawyer Sportsbar, Inc.,* 2010 WL 2639897, at *4 (S.D.Tex. June 28, 2010).......... 16

*Grayson v. K Mart Corporation*, 79 F.3d 1086, 1096 (11th Cir. 1996) ................................... 7

*Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 365 (M.D. Ala. 1999)................................... 4

*Herman v. Express Sixty-Minutes Delivery Services, Inc.*, 161 F.3d 299, 303 (5th Cir. 1998)....... 4

*Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989)...................................... 5, 16, 19

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, (1989) ........................................... 19

*In re Deloitte & Touche, LLP Overtime Litig.*, 2012 WL 340114 at *2 (S.D.N.Y. Jan. 17, 2012) ...................................................................................................................... 18, 20

*Jones v. JGC Dallas LLC*, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012)................................ 22

Jones v. JGC Dallas LLC, 2012 WL 6928101 *5 (N.D. Tex. Nov. 29, 2012) ............................ 16

*Jones*, 2012 WL 6928101 at *5 (rep. and recommendation adopted, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013)................................................................................................ 17, 19, 21

*Kelly v. Bank of Am., N.A.,* 2011 WL 7718421at *2 (N.D. Ill. Sept. 23, 2011) ......................... 22

*Krueger v. New York Tel. Co.*, Nos. 93 CIV. 0178, 1993 WL 276058 at *2 (S.D.N.Y. July 21, 1993) ......................................................................................................................... 3

*Lujan v. Cabana Mgmt., Inc.,* 2011 WL 3235628, at *3 n. 3 (E.D.N.Y. July 27, 2011)........ 18, 20

*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987)..................................................... 5

*Luvianos v. Gratis Cellular, Inc.*, 2012 WL 6737498 (S.D. Tex. Dec. 10, 2012) report and recommendation adopted, 2012 WL 6743559 at *10 (S.D. Tex. Dec. 28, 2012) ................... 17

*Marsh v. Butler County Sch. Sys.*, 242 F.Supp.2d 1086, 1093 (M.D. Ala. 2003) ........................ 8

*Mateos v. Select Energy Servs., LLC.,* 977 F.Supp.2d 640, 643 (W.D. Tex. 2013). ..................... 5

*May v. E & J Well Serv., Inc.,* 14-CV-00121-RBJ, 2014 2922655, at *3 (D. Colo. June 27, 2014) ....................................................................................................................... 15

*McCarragher v. Ryland Group, Inc.*, 2012 WL 4857575 at *6 (S.D. Tex. Oct. 11, 2012) .......... 16

*McCloud v. McClinton Energy Group, L.L.C.,* 7-14-CIV-120, 2015 WL 737024, at *2 (W.D. Tex. Feb. 20, 2015) ............................................................................................................ 5, 17

*Mooney v. Aramco Servs. Co.*, 54 F.3rd 1207, 1213-14 (5th Cir. 1995) ...................................... 6

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008) .............................. 8

*Neagley v. Atascosa* County EMS, 2005 WL 354085, *3 (W.D. Tex. 2005) ............................... 7

*Nobles v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 3794021, at *10 (W.D.Mo. Aug.25, 2011) .................................................................................................................................... 18, 20

*Page v. Nova Healthcare Mgmt., L.L.P.,* CIV.A. H-12-2093, 2013 WL 4782749 *4 (S.D. Tex. Sept. 6, 2013) .............................................................................................................. 5, 7

*Page,* 2013 WL 4782749 *7(S.D. Tex. Sept. 6, 2013) ............................................................... 14

*Page,* 2013 WL 4782749 *7 (S.D. Tex. Sept. 6, 2013) .............................................................. 22

*Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009) ............................ 15

*Phelps v. MC Communications, Inc,* 2011 WL 3298414 (D. Nev. Aug. 1, 2011) ...................... 19

*Phelps v. MC Communications, Inc.,* 2011 WL 3298414 *6 (D. Nev. Aug. 1, 2011) ................ 19

*Pippins v. KPMG LLP,* 2012 WL 19379, at *14 (S.D.N.Y. January 3, 2012) ...................... 18, 20

*Roussell* ........................................................................................................................................ 5

*Roussell v. Brinker Intern., Inc.,* Nos. 09–20561, 10–20614, 2011 WL 4067171 (5th Cir. Tex. Sept. 14, 2011) .............................................................................................................. 4, 5

*Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 824 (N.D.Tex. 2007) ........................................ 7, 8

*Saenz v. Erick Flowback Services LLC*, No. 5-14-cv-00593-D (W.D. Okla. Jan. 28, 2015), ECF No.42 ...................................................................................................................................... 15

*Saenz v. Rods Production Services, LLC*, No. 2:14-cv-00525-RB-GBW (D.N.M. Jan. 22, 2015), ECF No. 49 ............................................................................................................................ 16

*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008) ....................................... 5

*Santiago v. Amdocs, Inc.,* 2011 WL 6372348 * 8 (N.D. Cal. Dec. 19, 2011) ....................... 18, 20

*See White v. Integrated Elec. Tech., Inc.,* 2013 WL 2903070 (E.D. La. June 13, 2013) ............ 22

*Shaffner v. Cash Register Sales & Serv. of Houston,* 2006 WL 1007542, at *1 (S.D.Tex. Apr. 17, 2006) ...................................................................................................................................... 15

*Sheffield v. Orius Corp.*, 211 F.R.D. 411, 416 (D. Or. 2002) ...................................................... 8

*Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex. 2011) ............... 16

*Tolentino v. C&J Spec-Rent Services, Inc.*, 716 F.Supp.2d 642 (S.D. Tex. 2010) ........................ 9

*v.* 9

*Villarreal v. St. Luke's Episcopal Hospital*, 751 F.Supp.2d 902 (S.D.Tex.2010) ....................... 14

*Villatoro v. Kim Son Restaurant, L.P.*, 286 F.Supp.2d 807, 810 (S.D.Tex.2003) ........................ 8

*Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) ................................. 3

*Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 473 (S.D. Tex. 2012) ............................... 17

*Watson, et al. v. Konica Minolta Bus. Solutions USA, Inc.*, No. Civ. A. H-10-986, at page 21 (S.D. Tex. Nov. 22, 2010)................................................................................................. 17, 21

*Watson, et. al., v. Konica,* No. Civ. A. H-10-986, at page 11 (S.D. Tex. Nov. 22, 2010) ........... 14

*White v. Integrated Elec. Technologies, Inc.,* 2013 WL 2903070 at *9 (E.D. La. June 13, 2013) .................................................................................................................................... 18, 20

# I.      BACKGROUND AND SUMMARY OF RELIEF REQUESTED

The sole issue presented by this Motion is whether Plaintiff has met his lenient showing for this Court to conditionally certify this case as a collective action under the Fair Labor Standards Act ("FLSA") and authorize notice of this suit to workers similarly situated to Plaintiff. Plaintiff does not seek a ruling on the merits.

Rory Dyson, ("Plaintiff") is a former flow tester of Stuart Petroleum Testers, Inc. and Scott Yariger (hereinafter collectively "Defendants"). Defendants are located in multiple states including Texas, Arkansas, and Louisiana serving energy companies nationwide. Defendants employ their workforce to monitor and maintain oil and gas wells. The Plaintiff is a flow tester employed by the Defendants to monitor such oil and gas wells, manifolds, and other equipment used in the oilfield.[1] Plaintiff and Class Members regularly work over forty hours a week.[2] In fact, Plaintiff typically worked a twelve-hour shift, seven days a week, but required to be onsite 24 hours a day; a schedule that produces over 44 hours of overtime a workweek.[3]

The Defendants misclassify their employees as independent contractors.[4] This classification scheme permitted Defendants to substantially reduce their labor costs. Consequently, they fail to pay their employees the federally mandated overtime rates. Instead, Defendants compensate all the flow testers with "straight time" for overtime hours worked, that

---

[1] Dkt. 12, p.4 ¶20

[2] Exhibit C and D ¶4-5 (Declaration of Dyson and Garvey, respectively).

[3] *Id* at ¶5.

[4] Dkt. 12, p.4 ¶22.

is, Defendants did not compensate their employees one-and-one-half times their regular rate as required by the Fair Labor Standards Act ("FLSA").[5]

Plaintiff seeks to recover his unpaid compensation, liquidated damages, attorneys' fees, costs, and interests. Plaintiff also seeks to represent all similarly situated employees, current and former, of the Defendants who were subjected to the same illegal compensation practices during the three (3) years prior to filing this original complaint.

In a conditional certification case, an interested employee must "opt-in" by filing a written consent to join. *See* 29 U.S.C. § 216(b). In order to decide whether to exercise their rights and opt-in to this case, the class of similarly situated employees needs to be informed of the pendency of this action and be provided with the appropriate documentation to allow them to participate. In the same vein, in order to provide this information to the other misclassified employees, Plaintiff will require that Defendants produce a list of those employees and their contact information.

For the reasons stated herein, Plaintiff requests that this Court order Defendants to produce a list of their employees (flow testers) (including names, dates of employment, addresses, emails, phone numbers, social security numbers, and dates of birth), conditionally certify this case as a collective action under 29 U.S.C. § 216(b), and authorize the sending of the attached Notice[6] and Consent Form[7] to all employees misclassified as independent contractors who were employed by Defendants at any time during three years prior to this case being filed, April 13, 2012, to present. The proposed notice is intended to educate Defendants' employees of their rights and to enable them to join this litigation by signing the consent form and returning it

---

[5] Exhibit C and D ¶3 (Declaration of Dyson and Garvey, respectively).

[6] Exhibit A (Notice).

[7] Exhibit B (Consent Form).

to Plaintiff's counsel. Further, Plaintiff asks the Court to rule on this motion urgently as the statute of limitation is running on the claims of class members who have not yet joined this lawsuit.

## III.    CONDITIONAL CERTIFICATION SHOULD BE GRANTED AT THIS TIME

Plaintiff and Class Members were employees of Defendants, not independent contractors, and, therefore, entitled to the overtime wage protections under the Fair Labor Standards Act ("FLSA"). Defendants disagree, but that issue is not before the Court at this time.[8] The sole issue is whether Plaintiff has satisfied his lenient burden of showing that other employees are similarly situated to warrant sending out class notice advising such employees of their right to join this lawsuit.

The merits of the case are not to be considered with respect to the determination of conditional certification.[9] Some employers attempt to defeat class notice by arguing the merits of the underlying FLSA violation instead of focusing on the common practice that applies to the employees. The law states otherwise and such attacks are flawed. "[E]ven if Plaintiffs' claims turn out to be meritless or, in fact all Plaintiffs turn out not to be similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues in the case." *See Krueger v. New York Tel. Co.*, No. Civ. A. 93 CIV. 0178 (LMM), 93 CIV. 0179 (LMM), 1993 WL 276058, at *2 (S.D. N.Y. July 21, 1993); *see also Harper v. Lovett's Buffet, Inc.*, 185 F.R.D. 358, 365 (M.D. Ala. 1999) ("subsequent discovery

---

[8]*Dreyer v. Baker Hughes Oilfield Operations, Inc.*, CIV.A. H-08-1212, 2008 WL 5204149 (S.D. Tex. Dec. 11, 2008) ("This argument fails because exemptions are merits-based defenses to an FLSA claim.").

[9] *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) ("Indeed, as discovery usually has not been conducted at this stage, courts do not review the underlying merits of the action in determining whether to conditionally certify.").

may reinforce or undermine" the preliminary finding of similarly situated).  Thus, it is at the second stage, and not the initial conditional certification stage that a court can look into possible defenses and individual differences between plaintiffs.[10]  Plaintiff does not have the benefit of any discovery at this time.  The analysis at this early stage is that the putative class members share similarities in job responsibilities and were subject to a similar pay provision.  The merits of the case are considered during the second stage.  Nevertheless, Plaintiff has a strong likelihood to succeed on the merits of his underlying case.[11]

      **A.  The standard for granting conditional certification in a *collective* action is "lenient" and substantially lower than the standard for a Rule 23 *class* action.**

      **i.  Section 216(b) only requires Plaintiffs be similarly situated.**

Plaintiff seeks conditional certification and court-facilitated notice in this collective action pursuant to section 216(b) of the FLSA.  *See* 29 U.S.C. § 216(b).  Unlike a Rule 23 class action in which prospective claimants must opt-out, conditional certification of a collective action under section 216(b) requires similarly situated employees to affirmatively opt into the litigation.  *Roussell v. Brinker Intern., Inc.,* Nos. 09–20561, 10–20614, 2011 WL 4067171 (5th Cir. Tex. Sept. 14, 2011) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)).  The FLSA's collective action mechanism allows for efficient adjudication of similar claims so that "similarly situated" employees whose claims are often small, may join together

---

[10] *Id.* at 466 (S.D. Tex. 2012) ("At the second stage of the analysis, the defendant moves to 'decertify' the conditionally-certified class. The court then must make a factual determination as to whether the employees are similarly situated; if it so finds, the collective action may proceed.") (internal citations omitted).

[11] *Herman v. Express Sixty-Minutes Delivery Servs., Inc*., 161 F.3d 299, 303 (5th Cir. 1998) (economic realities test).

and pool their resources to prosecute their claims. *See Hoffmann-La Roche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989).

### ii. The courts in this district apply a two-stage certification process.

With respect to the standard for conditionally certifying a collective action, this Court stated that it generally uses the two step approach as described in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J.1987).[12] The first stage in determination is the "notice stage." At this stage, the Court inquires as to whether Plaintiff has provided sufficient evidence that similarly situated plaintiffs exist. *Hayes v. Laroy Thomas, Inc.,* 2006 WL 1004991, *2 (E.D. Tex. 2007) (*Citing Haynes v. Singer Co.*, 696 F.2d 884, 887 (11th Cir. 1983)); *Mooney v. Aramco Servs. Co.*, 54 F.3rd 1207, 1213-14 (5th Cir. 1995)). The Court makes this determination and decides whether notice should be given to potential class members based only on the pleadings and any affidavits which have been submitted by the Plaintiff. *Beall v. Tyler Technologies, Inc.,* 2009 WL 1766141 (E.D.Tex. June 23, 2009). The *Beall* Court held:

> The standard requires nothing more than "substantial allegations that the putative class members were victims of a single decision, policy, or plan." . . . Notice is appropriate if the court concludes that there is some factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged policy or practice.

*Id.* at *2 (emphasis added) (citing *Mooney*, 54 F.3d at 1214). At the second stage, the Court re-examines the class after notice, time for opting-in, and discovery have taken place. If it finds the class is no longer made up of similarly situated persons, it may decertify the class.

### iii. Plaintiff's burden at the first stage has been described as "fairly lenient."

---

[12] *McCloud v. McClinton Energy Group, L.L.C.,* 7-14-CIV-120, 2015 WL 737024, at *2 (W.D. Tex. Feb. 20, 2015); *see also, Mateos v. Select Energy Servs., LLC.,* 977 F.Supp.2d 640, 643 (W.D. Tex. 2013).

At the "notice stage," the plaintiff bears the burden of showing there are other employees "similarly situated." *Id; H & R Block, Ltd. v. Housden,* 186 F.R.D. 399, 400 (E.D.Tex. 1999). This burden, however, is very low and has been described as "fairly lenient." *Hayes*, 2006 WL 1004991 at *7; *Mooney*, 54 F.3d at 1214. At the notice stage, the inquiry by the court is considerably less rigorous than the court's initial inquiry under the Rule 23 approach. *Ryan v. Staff Care, Inc.*, 497 F.Supp.2d 820, 824 (N.D.Tex. 2007) (citing *Mooney*, 54 F.3d at 1214). Further, the "similarly situated" requirement of § 216(b) is less stringent than the "similarly situated" requirement of Rules 20 and 42 of the Federal Rules of Civil Procedure. *See Ryan*, 497 F.Supp.2d at 825 (citing *Grayson v. K Mart Corporation*, 79 F.3d 1086, 1096 (11th Cir. 1996)). Moreover, [t]he Fifth Circuit has also stated that '[t]here is a fundamental, irreconcilable difference between the class action described by [Rule 23] and that provided for by [Section 216(b) ],' i.e., the 'opt out' procedure for class members under Rule 23 as opposed to the 'opt in' procedure under Section 216(b)."[13]

Further, in order to determine whether there are "similarly situated" class members, some courts have found it helpful to see if plaintiffs demonstrates: "(1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit."[14] Several courts have found that a "plaintiff need not prove evidence of the third element" which is that "those individuals want to opt in to

---

[13] *Page v. Nova Healthcare Mgmt., L.L.P.,* CIVA. H-12-2093, 2013 WL 4782749 *4 (S.D. Tex. Sept. 6, 2013).

[14] *Castillo v. Hernandez*, No. EP-10-CV-247-KC, 2010 WL 4595811, at *4 (W.D. Tex. Nov. 4, 2010).

the lawsuit."[15]  Therefore, at the notice stage, the district court's broad discretion is constrained

in favor of the fairly lenient similarly situated standard of the FLSA afforded to Plaintiff.[16]

Although the degree to which potential opt-in plaintiffs must be similarly situated has not

been precisely defined, courts agree that "Plaintiffs need only show that their positions are

similar, not identical."  *Hayes* 2006 WL 1004991 at *6 n. 3; *Page,* 2013 WL 4782749 *6 (S.D.

Tex. Sept. 6, 2013) (citing *Yaklin v. W–H Energy Servs., Inc.,* No. C–07–422, 2008 WL

1989795, at *2 (S.D.Tex. May 2, 2008)).  "The court should satisfy itself that there are other

employees of the defendant who are 'similarly situated' with respect to their job requirements

and pay provisions."  *Allen v. McWane*, 2006 WL 3246531 at *2 (E.D.Tex. Nov. 7, 2006).

"Notice is appropriate when a court concludes that there is a factual nexus that binds the named

plaintiffs and potential class members as victims of a particular alleged policy or practice."

*Allen,* 2006 WL 3246531 at *2 (citing *Villatoro v. Kim Son Restaurant, L.P.*, 286 F.Supp.2d 807,

810 (S.D.Tex. 2003)).   Further, Plaintiff must show that the potential opt-in plaintiffs have

similar "identifiable facts or legal nexus . . . so that hearing the cases together promotes judicial

efficiency."  *Marsh v. Butler County Sch. Sys.*, 242 F.Supp.2d 1086, 1093 (M.D. Ala. 2003)

(citing *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 416 (D. Or. 2002)).

In a case granting class notice, a Texas court held: [T]he court need not find uniformity in

each and every aspect of employment to determine [that] a class of employees is similarly

situated. The remedial nature of the FLSA and § 216 militate strongly in favor of allowing cases

---

[15]  *Page*, 2013 WL 4782749 *4-5 ("[T]his element, requiring evidence of purported class members who are willing to join a class action before an appropriate class is even determined, is dissonant with the Supreme Court's directive that the FLSA be liberally construed to effect its purposes.").; *see also*, *Hayes*, 2006 WL 1004991 at *6, *7; *Neagley v. Atascosa* County EMS, 2005 WL 354085, *3 (W.D. Tex. 2005).

[16] *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1261 (11th Cir. 2008).

to proceed collectively. *See Tolentino v. C&J Spec-Rent Services, Inc.*, 716 F.Supp.2d 642 (S.D. Tex. 2010) (*citing Albanil v. Coast 2 Coast, Inc.*, No. Civ. A. H-08-486, 2008 WL 4937565, at *3 (S.D. Tex. Nov.17, 2008)).

### B. Plaintiff and the proposed Class are similarly situated and conditional certification should be granted.

Plaintiff and the class members are a cohesive group of workers with similar job responsibilities and are paid in the same manner, hourly without regard for overtime.[17] Plaintiff worked more than 40 hours in a workweek as flow testers for Defendants.[18] In fact, Plaintiff regularly worked well over 80 hours per week.[19] Plaintiff is an hourly paid non-exempt employee who worked as a flow tester to monitor and maintain oil and gas wells for Defendants' customers around the country.

Defendants paid Plaintiff the same hourly rate for both regular and overtime hours worked.[20] The FLSA requires the employer to compensate its employees for all of their hours worked at the one-and-one-half the regular rate of pay for overtime hours.[21] If employees work more than forty hours in a work week, the employer must pay them the overtime premium (one and one-half times the regular hourly rate) based on the effective hourly rate.[22] The named

---

[17] Exhibit C and D ¶14 (Declaration of Dyson and Garvey, respectively).

[18] Exhibit E (Dyson's invoices showing hours worked).

[19] *Id.*

[20] *Id*; Exhibit C and D ¶3, ¶14 (Declaration of Dyson and Garvey, respectively)

[21] *Singer v. City of Waco, Tex.*, 324 F.3d 813, 818 (5th Cir. 2003) ("The FLSA generally requires an employer to pay overtime compensation (at a rate of one and one-half times the regular rate of pay) to an employee after the employee has worked over 40 hours in one week.") (citing 29 U.S.C. § 207(a)(1)).

[22] *Id.*

Plaintiff regularly worked more than forty hours per week.[23]  Defendants violated the overtime laws.

Defendants likewise failed to pay overtime to other similarly situated workers throughout Texas areas.[24]  Defendants paid these flow testers an hourly rate without regard for overtime.[25] That is, even when class members worked over forty hours in a workweek, they still received compensation at the same rate they were compensated when working less than forty hours in a workweek.[26]

Defendants hired and fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to the Plaintiff and Class Members.[27]  In addition, Defendants instructed Plaintiff and Class Members regarding when, where, and how they were to perform their work.[28] The work Plaintiff and Class Members performed was an integral part of the Defendants' business.[29]  The named Plaintiff and the proposed Class are similarly situated in the following relevant respects:

---

[23] Exhibit C & D ¶5 (declaration of Dyson and Garvey); Exhibit E(Dyson's Invoices).

[24] Dkt. 12 p. 7 ¶ 34 ("Plaintiff and Class Members were paid a flat hourly rate for all hours worked, regardless of how many hours they actually worked.").

[25] Doc. No. 1 p. 7 ¶ 35 ("Defendants paid Plaintiff and Class Members 'straight time' for overtime"); Exhibit C and D ¶ 5 (Declaration of Dyson and Garvey).

[26] Dkt. 1 p. 7 ¶34 ("Plaintiff and Class Members were paid a flat hourly rate for all hours worked, regardless of how many hours they actually worked."). Exhibit F (Garvey's Pay Records)

[27] Exhibit C and D (Declaration of Dyson and Garvey).

[28] Exhibit C and D ¶ 6 (Declaration of Dyson and Garvey).

[29] Dkt. 12, p. 6 ¶28 ("A substantial portion of Defendants' annual revenue is derived from work performed by Plaintiff and Class Members.").

1. Plaintiff and Class Members were paid on an hourly basis without regard for overtime as designed and implemented by Defendants;[30]

2. Plaintiff and Class Members were misclassified as independent contractors;[31]

3. Plaintiff and Class Members worked at a location assigned by Defendants;[32]

4. Plaintiff and Class Members to Defendants' designated locations;[33]

5. Plaintiff and Class Members did not make an effort to pay Plaintiff and Class Members time-and-one-half for hours worked over forty in a workweek;[34]

6. Plaintiff and Class Members were denied overtime pay;[35]

7. Plaintiff and Class Members were often required to work 7 days a week;[36]

8. Plaintiff and Class Members were required to work a certain hourly schedule;[37]

9. Plaintiff and Class Members performed similar job responsibilities, namely monitoring oil and gas wells in accordance with Defendants' policies;[38]

10. Defendants provided all flow testers with job assignments and the manner in which the work was to be performed;[39]

---

[30] Dkt. 12, p. 8 ¶42 ("Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of its employees."); Exhibit C and D ¶ 3 (Declaration of Dyson and Garvey).

[31] Exhibit C and D ¶3 (Declaration of Dyson and Garvey, respectively).

[32] Exhibit C and D ¶6 (Declaration of Dyson and Garvey respectively).

[33] *Id.*

[34] *Id.* at ¶ 3.

[35] *Id.*

[36] *Id.* at ¶ 5.

[37] *Id.* at ¶ 6.

[38] *Id.* at ¶4.

[39] *Id.* at ¶4, 6.

11. Plaintiff and Class Members were required to wear safety gear and equipment.[40]

12. Defendants paid all flow testers the same way, by making them turn in invoices for their hours worked;[41]

13. Defendants provided the tools and equipment to carry out the job assignments assigned to all flow testers including separators, pipe, light plants, and manifolds.[42]

Plaintiff has declared that the above is true. Given this evidence, the Court should find that Plaintiff has shown there is a reasonable belief that the proposed class of flow testers is similarly situated to Plaintiff.[43]

### C. Other flow testers want to opt-in to this lawsuit.

Even though most courts do not require a showing that at least a few individuals seek to join the lawsuit,[44] here the Plaintiff has provided evidence of such interest. Currently, one class

---

[40] *Id*. at ¶11.

[41] *Id*. at ¶12.

[42] *Id*. at ¶11.

[43] *Page*, 2013 WL 4782749 *7(S.D. Tex. Sept. 6, 2013) ("At the "notice stage" of the *Lusardi* analysis, the court's decision is 'made using a fairly lenient standard;' a plaintiff need only make a minimum showing to guide the court's determination whether to issue notice to potential class members. Plaintiffs' declarations contain sufficient details to meet this fairly lenient standard.") (internal citations omitted).

[44] *Page v. Nova Healthcare Mgmt., L.L.P.*, CIV.A. H-12-2093, 2013 WL 4782749 (S.D. Tex. Sept. 6, 2013) ("Liberally construing the FLSA to effect its purposes, the court finds that it is enough for Plaintiff to present evidence that there may be other aggrieved individuals to whom a class action notice should be sent, without requiring evidence that those individuals actually wish to join the lawsuit."); *Watson, et. al., v. Konica,* No. Civ. A. H-10-986, at page 11 (S.D. Tex. Nov. 22, 2010) ("The court agrees that plaintiffs need not present evidence at this stage of the third element, that aggrieved individuals actually want to opt in to the lawsuit. There are several reasons for this. First, as already stated, this element is not a statutory requirement at this stage. Second, this element has not been required, or even discussed, by any higher court opinion that this court has been able to find or to which the parties have cited. Rather, the Fifth Circuit's discussion of the *Lusardi* approach only requires, at the first stage, that "putative class members'

member has joined this litigation and written a declaration in support of conditional certification.[45]  In the declaration of opt-in Alvin Garvey and of the named Plaintiff, Rory Dyson, they state that they believe additional flow testers would join if the Court intervened and explained their rights under the law, which would alleviate the fear of being retaliated against.[46] *See, Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 698 (W.D. Tex. 2009) ("However, contrary to Defendant's argument, the joinder of additional plaintiffs after the inception of the case is persuasive evidence that a putative class does exist.") (*citing*, *Shaffner v. Cash Register Sales & Serv. of Houston,* 2006 WL 1007542, at *1 (S.D.Tex. Apr. 17, 2006)).  It is a near certainty that if the remainder of the workforce received an invitation to join, many more would join.[47]

### D.  Misclassification cases are routinely certified under the FLSA.

This area of the FLSA is well traversed, yet the industry as a whole continues to violate the law.  The following is a partial list of other cases certified as collective actions for workers misclassified as independent contractors:

---

claims are sufficiently similar to merit sending notice of the action to possible members of the class." Third, unlike under Rule 23, here is no numerosity requirement in a FLSA class action lawsuit under the *Lusardi* approach.") (internal citations omitted); *See, e.g., Jesiek v. Fire Pros, Inc.*, 275 F.R.D. 242, 247 (W.D. Mich. 2011) ("Plaintiff's failure to provide evidence that potential opt-in plaintiffs' desire to opt-in is not fatal to their motion."); *Villarreal v. St. Luke's Episcopal Hospital*, 751 F.Supp.2d 902, 915 (S.D.Tex.2010) ("The court agrees that a plaintiff need not present evidence at this stage of the third element, that aggrieved individuals actually want to opt in to the lawsuit.").

[45] Exhibit D (Declaration of Garvey).

[46] Exhibits C ¶17and D ¶15, (Declaration of Dyson and Garvey, respectively).

[47] Statistically, participation rates in collective actions, where an employee must affirmatively opt-in to the suit, range from 15-30%, at least when the underlying FLSA case is not backed by a labor union.  *See* Matthew W. Lampe & E. Michael Rossman, *Procedural Approaches for Countering the Dual-Filed FLSA Collective Action and State-Law Wage Class Action*, LAB. LAW. Winter/Spring 2005 311, 313-14.

- *May v. E & J Well Serv., Inc.,* 14-CV-00121-RBJ, 2014 2922655, at *3 (D. Colo. June 27, 2014) (granting conditional certification for misclassified independent contractor flow testers);

- *Gonzalez v. Tier One Sec., Inc.*, 2013 US Dist., 2013 WL 1455587 (W.D. Tex. April 8, 2013) (granting conditional certification for misclassified independent contractor security guards);

- *Lima v. Int'l Catastrophe Solutions, Inc.,* 493 F. Supp. 2d 793, 799 (E.D. La. 2007) (granting conditional certification for misclassified independent contractor manual laborers);

- *Montoya v. S.C.C.P. Painting Contractors, Inc.,* CIV. CCB-07-455, 2008 WL 554114 (D. Md. Feb. 26, 2008) (granting conditional certification for misclassified independent contractor painters/manual laborers);

Likewise, this Court should grant conditional certification and authorize notice.

## IV.   THE PROPOSED NOTICE IS TIMELY ACCURATE AND INFORMATIVE. THE NOTICE SHOULD BE SENT VIA REGULAR MAIL AND EMAIL.

Plaintiff's proposed court-approved notice (*see* Ex. A) to the potential opt-ins is "timely, accurate, and informative," as required.  *Hoffmann-La Roche*, 493 U.S. at 172.  It provides accurate notice of the pendency of the action and of the opportunity to opt in.  Potential opt-ins are advised that they are not required to participate.  Plaintiff request that Defendants be ordered to produce within ten (10) days of the granting of this Motion in an electronic format such as an excel spreadsheet, the names, all known addresses, all phone numbers (home, mobile, etc.), dates of birth, all known email addresses (work and personal), social security numbers, and dates of employment for all the class members employed from three years prior to the filing of this lawsuit to the present.[48]  Such information allows Plaintiff to confirm current addresses and/or to

_____

[48]Jones v. JGC Dallas LLC, 2012 WL 6928101 *5 (N.D. Tex. Nov. 29, 2012); *See Eggelston v. Sawyer Sportsbar, Inc.,* 2010 WL 2639897, at *4 (S.D.Tex. June 28, 2010) (order conditionally certifying class of bartenders and granting expedited discovery of **telephone numbers and emails**); *McCarragher v. Ryland Group, Inc.*, 2012 WL 4857575 at *6 (S.D. Tex. Oct. 11, 2012) ("must provide … **e-mail addresses, telephone numbers** …of the members of the collective action class."); *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 996 (E.D. Tex.

locate those persons who may have moved from their last known addresses. Defendants and their counsel have this information and are allowed to use it. Plaintiff should be afforded the same right.

Further, Plaintiff proposes that the notice and consent forms be mailed by first class mail **and by electronic mail** within seven (7) days of receiving the class list from Defendants to all potential opt-ins employed at any time during the three-year period before this lawsuit was filed to present.[49] Plaintiff's counsel will oversee the mailing (both regular mail and electronic mail)

---

2011) ("**ORDERS** the Defendants to provide…names, job titles, addresses, **telephone numbers**, Social Security numbers, and **email addresses**, if available, of the potential class members."); *Beall v. Tyler Technologies, Inc.*, 2009 WL 1766141 at *4 (E.D. Tex. June 23, 2009) ("orders defendants to provide …names, job titles, addresses, **telephone numbers**, Social Security numbers, and **email addresses** ..."); *Luvianos v. Gratis Cellular, Inc.*, 2012 WL 6737498 (S.D. Tex. Dec. 10, 2012) report and recommendation adopted, 2012 WL 6743559 at *10 (S.D. Tex. Dec. 28, 2012) ("disclosure to Plaintiffs' counsel of employees' … **phone numbers, and email addresses** … is not unduly invasive."); *Tolentino v. C & J Spec-Rent Services Inc.*, 716 F. Supp. 2d 642, 655 (S.D. Tex. 2010) ("orders that Defendant produce …**phone numbers, and e-mail addresses**..."); *Davis v. Mostyn Law Firm, P.C.,* 2012 WL 163941 at *11 (S.D. Tex. Jan. 19, 2012) ("shall provide …all **email addresses (personal and work)** for all class members as defined above."); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 473 (S.D. Tex. 2012) ("Defendant to produce, … work **email addresses** …").

[48] *Bullard v. Camin Cargo*, Civil Action No. 4:13-cv-00027, Doc. 27 at page 4 (S.D. Tex. Aug. 9, 2013) (granting class **notice via email** and requiring production of email addresses and **phone numbers**); *See, Jones*, 2012 WL 6928101 at *5 (rep. and recommendation adopted, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013)); *Eggleston v. Sawyer Sportsbar, Inc.*, Civil Action No. 4:09-3529, 2010 WL 2639897 at *4 (S.D. Tex 2010) (Court granted class **notice via email**); *Watson, et al. v. Konica Minolta Bus. Solutions USA, Inc*., No. Civ. A. H-10-986, at page 21 (S.D. Tex. Nov. 22, 2010); *Beall v. Tyler Technologies, Inc.*, No. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. 2009) (court granted class **notice via email** and later compelled the employer to produce all email addresses, both personal and work).

[49] *See Phelps v. MC Communications*, Inc., No. 2:11-CV-00423-PMP-LRL, 2011 WL 3298414, 6 (D.Nev. Aug. 1, 2011) (The Court will permit Plaintiffs to **email** the notice…; *Goudie v. Satellite Communications, Inc.*, No. 08-CV-507-AC, 2008 WL 4628394, 9 (D.Or. Oct. 14, 2008)("The court concludes that the names, addresses, phone numbers, and **e-mail** addresses of technicians are sufficient to permit notice and communication with potential members of the putative collective action."); *Beall v. Tyler Technologies, Inc.*, No. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D.Tex. 2009) (Court granted class notice via email.); *In re Deloitte & Touche,*

of such notices and pay the up-front charges for same (postage, copying, etc.). Further, Plaintiff's counsel requests that it be permitted to hire a third party class action administration company to conduct the actual mailing of the notice and forms if it deems appropriate.

The benefits[50] of sending notice in a conditional certification case "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[51]  The point of sending out Notice to Class Members is for them to receive it, become aware of the pending litigation, and make a decision regarding joining the case.  Sending email notice only increases the chance of the class members receiving and reading the notice. The federal court system is based on an electronic case filing system and email notice precisely because it is an affordable, instantaneous, and reliable way for important legal issues to be communicated to large groups of people.

---

*LLP Overtime Litig.*, 2012 WL 340114 at *2 (S.D.N.Y. Jan. 17, 2012); *White v. Integrated Elec. Technologies, Inc.,* 2013 WL 2903070 at *9 (E.D. La. June 13, 2013) **("Plaintiffs have submitted ample authority indicating that federal district courts, including courts in the Eastern District of Louisiana and the Fifth Circuit, frequently utilize e-mail to provide notice of collective actions to potential class members.")**; *Butler*, 876 F. Supp. 2d at, 575 ("Plaintiffs may, therefore, notify other potential plaintiffs of this action by first-class mail and by email..."); *Pippins v. KPMG LLP,* 2012 WL 19379, at *14 (S.D.N.Y. January 3, 2012) ("[G]iven the reality of communications today ... the provision of email addresses and **email notice** in addition to notice by first class mail is entirely appropriate"); *Lujan v. Cabana Mgmt., Inc.,* 2011 WL 3235628, at *3 n. 3 (E.D.N.Y. July 27, 2011) ("[T]he Court sees **email** as a relatively unobtrusive option" for providing notice to class members); *Denney v. Lester's, LLC*, 2012 WL 3854466 at *4 (E.D. Mo. Sept. 5, 2012) ("Court finds fair and proper notice to current and former servers will be accomplished by regular mail, **electronic mail**..."); *Santiago v. Amdocs, Inc.*, 2011 WL 6372348 * 8 (N.D. Cal. Dec. 19, 2011) (Notice shall be "disseminated via **electronic mail**.."); *Altier v. Worley Catastrophe Response, LLC,* 2012 WL 161824, at *27 (E.D.La. Jan.18, 2012); *Nobles v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 3794021, at *10 (W.D.Mo. Aug.25, 2011).

[50] "The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

[51] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, (1989).

Likewise, email notice has become a common form of notification in FLSA cases.[52]  "With regard to the use of email to notify potential plaintiffs of this litigation, 'communication through email is [now] the norm.'"[53]  "Email is an efficient, reasonable, and low-cost supplemental form of notice."[54]

In *Jones,* the court allowed notice to be sent via email to exotic dancers.[55]  "In the present age, however, communication through email is the norm," and this Court should "not view the disclosure of email addresses to class counsel as being unduly intrusive on the privacy and personal interests of class members."[56]  In addition to Judge Bush, Judge Sparks in the Western District authorized class notice via email to approximately 900 waiters at five Iron Cactus

---

[52] *See Phelps v. MC Communications, Inc.*, 2011 WL 3298414, at *6 (D. Nev. Aug. 1, 2011).

[53] *Butler v. DirectSAT USA, LLC*, 876 F. Supp. 2d 560, 575 (D. Md. 2012).

[54] *Phelps v. MC Communications, Inc.,* 2011 WL 3298414 *6 (D. Nev. Aug. 1, 2011).

[55] *See, Jones*, 2012 WL 6928101 at *5 (rep. and recommendation adopted, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013)) ("The attached form of notice should be approved by the Court, as should Plaintiffs' request to provide notice to the conditionally certified class via regular mail and email in the manner described above.").

[56] *In re Deloitte & Touche, LLP Overtime Litig.*, 2012 WL 340114 at *2 (S.D.N.Y. Jan. 17, 2012); *White v. Integrated Elec. Technologies, Inc.,* 2013 WL 2903070 at *9 (E.D. La. June 13, 2013) **("Plaintiffs have submitted ample authority indicating that federal district courts, including courts in the Eastern District of Louisiana and the Fifth Circuit, frequently utilize e-mail to provide notice of collective actions to potential class members.")**; *Butler*, 876 F. Supp. 2d at, 575 ("Plaintiffs may, therefore, notify other potential plaintiffs of this action by first-class mail and by email..."); *Pippins v. KPMG LLP,* 2012 WL 19379, at *14 (S.D.N.Y. January 3, 2012) ("[G]iven the reality of communications today ... the provision of email addresses and **email notice** in addition to notice by first class mail is entirely appropriate"); *Lujan v. Cabana Mgmt., Inc.,* 2011 WL 3235628, at *3 n. 3 (E.D.N.Y. July 27, 2011) ("[T]he Court sees **email** as a relatively unobtrusive option" for providing notice to class members); *Denney v. Lester's, LLC*, 2012 WL 3854466 at *4 (E.D. Mo. Sept. 5, 2012) ("Court finds fair and proper notice to current and former servers will be accomplished by regular mail, **electronic mail**..."); *Santiago v. Amdocs, Inc.,* 2011 WL 6372348 * 8 (N.D. Cal. Dec. 19, 2011) (Notice shall be "disseminated via **electronic mail**.."); *Altier v. Worley Catastrophe Response, LLC,* 2012 WL 161824, at *27 (E.D.La. Jan.18, 2012); *Nobles v. State Farm Mut. Auto. Ins. Co.,* 2011 WL 3794021, at *10 (W.D.Mo. Aug.25, 2011).

restaurants. *Covey, et al. v. Iron Cactus, et al.*, Civil Action No. 1:12-cv-00111, Doc. 43 at pages 1-2 (W. D. Tex. May 18, 2012) (Conditionally certifying case and granting class notice via email and first class mail and requiring production of phone numbers). Other Texas federal courts have followed suit.[57]

Further, Plaintiff proposes that class members be allowed to execute their consent form electronically via a service called Right Signature[58] which tracks the IP address and email address from which the form is being accessed and executed. This service allows class members to sign their consent forms electronically[59] by clicking on a link in an encrypted email designated only for that user, which in turn takes them to a website where they can review the document they are signing, click a box indicating they have read and understood the consent form and insert information such as their name and address.[60] Users are instantaneously provided with a

---

[57] *Bullard v. Camin Cargo*, Civil Action No. 4:13-cv-00027, Doc. 27 at page 4 (S.D. Tex. Aug. 9, 2013) (granting class **notice via email** and requiring production of email addresses and **phone numbers**); *See, Jones*, 2012 WL 6928101 at *5 (rep. and recommendation adopted, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013)); *Eggleston v. Sawyer Sportsbar, Inc.*, Civil Action No. 4:09-3529, 2010 WL 2639897 at *4 (S.D. Tex 2010) (Court granted class **notice via email**); *Watson, et al. v. Konica Minolta Bus. Solutions USA, Inc.*, No. Civ. A. H-10-986, at page 21 (S.D. Tex. Nov. 22, 2010); *Beall v. Tyler Technologies, Inc.*, No. 2-08-CV-422, 2009 WL 3064689, at *1 (E.D. Tex. 2009) (court granted class **notice via email** and later compelled the employer to produce all email addresses, both personal and work).

[58] Exhibit "G" (example of a Right Signature executed form).

[59] In Texas under the Tex. Bus. & Com. Code Ann. § 322 *et. al.* (Vernon), the law recognizes the validity of electronic signatures. Specifically, it states that a "signature may not be denied legal effect or enforceability solely because it is in electronic form." Tex. Bus. & Com. Code Ann. § 322.007 (Vernon). Further, it proceeds to state that "if a law requires a signature, an electronic signature satisfies the law." In this instance, the FLSA requires a plaintiff to file a written consent form in order to join the lawsuit. *See* 29 U.S.C.A. § 216 (West) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *See also*, 29 U.S.C.A. § 256 (West). Consequently, Texas law allows for the use of electronic signatures to be used to execute FLSA consent forms.

[60] *See* Exhibit "G" – Sample Right Signature consent to collective action.

PDF copy of the form they signed and a copy of the form is made accessible to Plaintiff's counsel who will, in turn, file same with the Court, just as if such document had been received via regular mail. This would merely be an additional option for signing the consent form.

Recently, two courts in the Fifth Circuit have approved the use of online electronic signature opt-in forms.[61] *See White v. Integrated Elec. Tech., Inc.*, 2013 WL 2903070 (E.D. La. June 13, 2013); *Jones v. JGC Dallas LLC*, 2012 WL 6928101 (N.D. Tex. Nov. 29, 2012). Both *Jones* and *White* permitted this method of response over the objection of the Defendant. Even more recently, the Western District of Pennsylvania noted that this method of joining a collective action appropriate. *See Bland v. Calfrac Well Servs. Corp.*, 2013 WL 4054594 (W.D. Pa. Aug. 12, 2013).

Finally, Plaintiff requests that class members be given 60 days to opt into the lawsuit.[62] Such amount of time is reasonable, and will not delay the proceedings. Further, Plaintiff request that a second notice go out thirty days prior to the deadline to opt-in, but only to those individuals who have not opted in to the lawsuit.

---

[61] *Kelly v. Bank of Am., N.A.,* 2011 WL 7718421at *2 (N.D. Ill. Sept. 23, 2011) ("[C]lass members may submit a Consent to Join form for this case by electronically providing their name, date of birth, and last four digits of their social security number."); *Jones*, 2012 WL 6928101 at *5 ("Class members should be provided the option of executing their consent forms online via an electronic signature service.").

[62] *McCloud*, 2015 WL 737024 at *10 ("most courts appear to default to a notice period of 60 days, unless potential plaintiffs are difficult to contact…E.g., *Lima v. Int'l Catastrophe Solutions, Inc.*, 493 F.Supp.2d 793, 804 (E.D.La.2007); *Camp v. Progressive Corp.*, No. CIV. A. 01-2680, 2008 WL 31496661, at *7 (E.D.La. Nov. 8, 2008) (granting 120 opt-in period); *Heeg v. Adams Harris, Inc.*, 907 F.Supp.2d 856, 865 (S.D.Tex.2012) (granting request for 60 day opt-in period); *Sims v. Housing Auth. City of El Paso*, No. EP-10-CV-109-KC, 2010 WL 2900429, at *5 (W.D.Tex. July 19, 2010) (finding 60day opt-in period reasonable); *Mims v. Carrier Corp.*, 2:06-CV-206, 2008 WL 906335, at *1 (E.D.Tex. Mar.31, 2008) (granting 60 day opt-in period).

## V. CONCLUSION

At this pre-discovery, preliminary stage, Plaintiff has adduced sufficient factual basis from which this Court can determine that similarly situated plaintiffs exist. Thus, the Court should grant Plaintiff's Motion and provide Plaintiff with the discovery requested, conditionally certify the case, and allow the Plaintiff to send out Notice. The case should be certified with respect to:

> **All current and former hourly-paid workers classified as independent contractors who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.**

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: /s/ Galvin B. Kennedy
Galvin B. Kennedy
State Bar No. 00796870
Federal Bar No. 20791
Gkennedy@kennedyhodges.com
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFF AND CLASS MEMBERS

OF COUNSEL:
Udyogi Hangawatte
State Bar No. 24094698
Uhangawatte@kennedyhodges.com
KENNEDY HODGES, LLP
711 W. Alabama Street
Houston, Texas 77006
Telephone: 713-523-0001
Facsimile: 713-523-1116

## CERTIFICATE OF SERVICE

This is to certify that on July 6, 2015 a copy of the foregoing instrument was served upon all parties via the Court's electronic case filing system.

_/s/ Galvin B. Kennedy_____
Galvin B. Kennedy

## CERTIFICATE OF CONFERENCE

Pursuant to the Local Rules of this Honorable Court, I have conferred with opposing counsel concerning this motion and Defendants are opposed to this motion.

_/s/ Galvin B. Kennedy_____
Galvin B. Kennedy