IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RORY DYSON, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-00282-RP |
| STUART PETROLEUM TESTERS, INC. AND SCOTT YARIGER, | § § § | |
| Defendants. | § § | |

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION AND AUTHORIZATION FOR NOTICE**

---

Defendants Stuart Petroleum Testers, Inc. and Scott Yariger, by and through their undersigned counsel, file this response to *Plaintiff's Motion for Conditional Certification of a Collective Action and Authorization for Notice* (Doc. 15) ("Plaintiff's Motion"), respectfully showing the Court as follows:

## I.
## Procedural History

On April 13, 2015, Mark Moore filed suit, both individually and on behalf of others similarly-situated, against Defendants Stuart Petroleum Testers, Inc. ("Stuart") and Scott Yariger, alleging violations of the Fair Labor Standards Act ("FLSA"). *See* Plaintiff's Original Collective Action Complaint and Jury Demand (Doc. 1). Specifically, Plaintiff alleged Defendants misclassified him and others similarly-situated as independent contractors. *See id.* On June 7, 2015, Plaintiff's First Amended Complaint (Doc. 9) was filed, replacing Mr. Moore as the named plaintiff with Rory Dyson. Plaintiff now seeks conditional certification of the collective action class.

## II.
## Legal Standard

Section 216(b) of the Fair Labor Standards Act creates a cause of action against employers who violate the overtime compensation requirements mandated in sections 206 and 207 of the Act. *See* 29 U.S.C. § 216(b). Section 216(b) also permits an employee to bring suit against an employer on "behalf of himself ... And other employees similarly situated," *i.e.* a collective action. *See id.* Employees who wish to participate in a Section 216(b) collective action must affirmatively "opt in" by filing with the court a written consent to become a party. *Id.*

Courts in the Western District of Texas utilize the *Lusardi* analysis when determining whether to certify a FLSA collective action class. *See Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 697 and n.5 (W.D. Tex. 2009). Under the *Lusardi* test, the Court determines whether potential plaintiffs are "similarly situated" through a two-stage analysis. *Id.* (citing *Mooney v. Aramco Servs. Co*., 54 F.3d 1207, 1213 (5th Cir. 1995), overruled on other grounds). Relevant here is the first step of the *Lusardi* analysis, often called the "notice stage," during which the Court relies on analysis of pleadings and affidavits to make an initial determination whether notice of the action should be sent to potential opt-in class members. *Id.* (citing *Bernal v. Vankar Enter., Inc.*, No. SA-07-CA-695-XR, 2008 WL 791963, at *3 (W.D. Tex. March 24, 2008)).

"The first step of the *Lusardi* analysis requires a minimal showing by the plaintiff that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) those individuals want to opt in to the lawsuit." *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 856, 861 (S.D. Tex. 2012) (citing *Maynor v. Dow Chem. Co.,* No. G-07-0504, 2008 WL 2220394, at *6 (S.D. Tex. May 28, 2008)). "The plaintiff bears the burden of making the preliminary factual showing that a similarly situated group of potential plaintiffs

*Defendants' Response to Plaintiff's Motion for Conditional*
*Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

Page 2 of 12

exists." *Albanil v. Coast 2 Coast, Inc.,* No. H-08-486, 2008 WL 4937565, at *3 (S.D. Tex. Nov. 17, 2008) (citations omitted).  "[T]he class member representatives must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Ryan v. Staff Care, Inc.,* 497 F. Supp. 2d 820, 824–25 (N.D. Tex. July 6, 2007).  "However, the court 'need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated.'" *Id.*  Therefore, "[t]he positions need not be identical but similar." *Yaklin v. W– H Energy Servs., Inc.,* No. C-07-422, 2008 WL 1989795, at *3 (S.D. Tex. May 2, 2008).

### III.
### Argument & Authorities:  Objection to Conditional Certification

Although the standard for satisfying the first step of the *Lusardi* test is a lenient one (*see Mooney*, 54 F.3d at 1214), a court still requires at least "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Id.* at 1214 n.8 (citing *Sperling v. Hoffman–La Roche, Inc.,* 118 F.R.D. 392, 407 (D. N.J. 1988)).  Courts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted.  *H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (internal citations omitted); *see also Pedigo*, 666 F. Supp. 2d at 698.

### A.    Insufficient Evidence of Potential Opt-In Plaintiffs

Even applying a lenient standard, Plaintiff fails to meet his burden supporting conditional certification of the collective action class, because he presents insufficient evidence of potential opt-in plaintiffs.  "[A] plaintiff must do more than show the mere existence of other similarly situated persons, because there is no guarantee that those persons will actually seek to join the lawsuit."  *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 805 (S.D. Tex. 2010) (citation

*Defendants' Response to Plaintiff's Motion for Conditional*
*Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

Page 3 of 12

omitted). "Affidavits from potential class members affirming their intention to join the suit are ideal for an analysis of whether 'the putative class members were together the victims of a single decision, policy, or plan.'" *Id.* (quoting *Simmons v. T-Mobile USA, Inc.,* No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24, 2007); *Mooney,* 54 F.3d at 1214 n.8)). Further, affidavits are advisable so an employer will "not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *Id.* (quoting *D'Anna v. M/A–COM, Inc.,* 903 F. Supp. 889, 894 (D. Md. 1995)).

First, Plaintiff presented the affidavit of only one potential opt-in plaintiff: Alvin Garvey. *See* Plaintiff's Motion, Exhibit D. And beyond fleeting references to "dozens of other flow testers that work for Stuart Petroleum Testers, Inc.," Plaintiff and Garvey do nothing to either identify other potential plaintiffs, or provide evidence such potential plaintiffs exist. *See* Plaintiff's Motion at Exhibits C and D, 1-2. Courts have refused to conditionally certify a collective action class based on the conclusory allegations of only a few plaintiffs or potential parties:

> Here, Plaintiffs have submitted only two declarations, both from a single location (HP's Houston office) and from only one opt-in plaintiff (Ezequiel Pitty). In fact, Pitty is the only opt-in plaintiff who has consented to participate in the suit, despite Blake's repeated claims that he knows of and is familiar with other similarly situated employees, both in Houston and at other locations. **These two declarations—from a single office and including a single opt-in plaintiff—are simply too meager to support conditional certification on a nationwide scale.** Even under the most lenient standard, where different locations are implicated, a plaintiff must "submit affidavits from other employees alleging that they worked at different locations and were subject to a similar overtime policy." In this case, Plaintiffs have failed to do even that.

No. 4:11-CV-592, 2013 WL 3753965, at *12 (S.D. Tex. July 11, 2013) (quoting *Ali v. Sugarland Petroleum,* No. H–09–0170, 2009 WL 5173508, at *5 n. 4 (S.D. Tex. Dec. 22, 2009)) (emphasis added).

*Defendants' Response to Plaintiff's Motion for Conditional
Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

Page 4 of 12

Just as in *Blake,* Plaintiff here attempts to issue notice to a nationwide class based on limited evidence offered in the form of only two declarations: one from Plaintiff, and one from a potential opt-in plaintiff.  Neither offer any evidence of potential opt-in plaintiffs, either from their own worksites or other locations across the nation.  Further, Plaintiff and Mr. Dyson do not provide evidence or testify regarding Stuart's nationwide worksites; rather, they provide specific testimony related to only those sites at which each worked.  *See* Plaintiff's Motion, Exhibits C and D.  As Plaintiff has failed to present sufficient evidence of potential opt-in plaintiffs for this suit, conditional certification of the collective action class should be denied.

**B.     Insufficient Evidence of Widespread Discriminatory Plan**

Plaintiff also fails to provide evidence of a widespread discriminatory plan.  While replicated affidavits, such as those filed by Plaintiff and Garvey here, have been found to support conditional certification of a collective action class, such affidavits must present something more than conclusory allegations that the defendants implemented a widespread discriminatory plan. *See H & R Block,* 186 F.R.D. at 400 (refusing to conditionally certify collective action class when plaintiffs failed to submit any evidence that might show a widespread plan of discrimination). Some factual support for the complaint allegations of class-wide policy or practice must be shown to authorize notice.  *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012) (citing *Maynor,* 2008 WL 2220394, at *6; *Barron v. Henry County Sch. Sys.,* 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003) (stating "some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency")).  Again, while they offer evidence specific to their own employment by Defendants, Plaintiff and Garvey fail to offer evidence relevant to potential opt-in plaintiffs sufficient to suggest a widespread discriminatory practice by Defendants.  As such, conditional certification should be denied.

*Defendants' Response to Plaintiff's Motion for Conditional*
*Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

Page 5 of 12

## IV.
## Argument & Authorities:  Objections to Notice

Should the Court determine conditional certification of the collective action class is warranted, Defendants offer the following objections to Plaintiff's proposed class description and issuance of Notice:

**A.      Objections to Proposed Class Description**

Plaintiff offers the following proposed description for the collective action class:

All current and former hourly-paid workers classified as independent contractors who performed work for Defendants associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the Court authorizes notice.

Plaintiff's Motion at 19.

"A court 'has the power to modify an FLSA collective action definition on its own' if the 'proposed class definition does not encompass only similarly situated employees.'"  *Dreyer v. Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012) (citing *Baker Hughes Oilfield Operations, Inc.,* 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008); *Baldridge v. SBC Commc'ns, Inc.,* 404 F.3d 930, 931–32 (5th Cir. 2005)).  For the reasons discussed below, Defendants request the Court amend the collective action class description as follows:

All current and former hourly-paid flow testers, hired in their individual capacity and classified as independent contractors, who performed work for Defendants associated with monitoring and maintaining oil and gas wells in Texas and serviced by Stuart Petroleum, Inc.'s Pleasanton, Texas location, during the three-year period before the date the Court authorizes notice.

1.      **Limit to Flow Testers**.  Plaintiff's Motion makes clear his intention to bring this action on behalf of other flow testers who worked as independent contractors for Defendants.  *See, e.g.,* Plaintiff's Motion at 2 (requesting the Court to order Defendants to produce a list of flow testers); *id.* at Exhibits C & D, p. 1-3 (making multiple references to "other flow testers").  However,

*Defendants' Response to Plaintiff's Motion for Conditional*                                          Page 6 of 12
*Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

the proposed class description cited above includes "[a]ll current and former hourly-paid workers classified as independent contractors who performed work for Defendants associated with monitoring and maintaining oil and gas wells[.]"  Defendants therefore request the class description be rewritten to include only flow testers in order to ensure the class includes similarly-situated flow testers, as discussed and requested by Plaintiff.

       2.     **Limit to Individuals**.  Stuart Petroleum hired individual contractors both individually and through business entities.  *See* Appendix (Affidavit of Kirk Yariger).  As written, the class description could include all individual independent contractors, as well as workers who were paid for their services through a contracting entity.  *See id.*  Section 216(b) of the FLSA provides individuals the right to bring and participate in a collective action, not entities:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction **by any one or more employees for and in behalf of himself or themselves and other employees** similarly situated.

29 U.S.C.A. § 216(b) (emphasis added).  As business entities cannot become opt-in plaintiffs for purposes of a FLSA collective action, Defendants ask the Court to rewrite the class description in order to ensure no confusion regarding those workers eligible to become part of the collective action class.

       3.     **Include Geographical Limitation.**  "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *McCloud v. McClinton Energy Group, L.L.C.*, 7:14-CV-120, 2015 WL 737024, at *8 (W.D. Tex. Feb. 20, 2015) (slip op.) (quoting *Rueda v. Tecon Servs., Inc.,* No. H–10–4937, 2011 WL 2566072, at *4–6 (S.D. Tex. June 28, 2011)).  Stuart had four locations at the time of the actions made the basis of the suit:  Brenham, Texas; Pleasanton, Texas; Bossier, Louisiana; and Greenbrier, Arkansas.  *See* Appendix.  Plaintiff and Mr. Garvey both worked at the Pleasanton, Texas location,

*Defendants' Response to Plaintiff's Motion for Conditional Certification of a Collective Action and Authorization for Notice* Civil Action No. 1:15-cv-00282-RP

Page 7 of 12

and serviced sites in South Texas.  *See id.*  In their declarations attached to Plaintiff's Motion, Plaintiff and Mr. Dyson do not provide evidence or testify regarding Stuart's nationwide worksites; rather, they provide specific testimony related to only those sites at which each worked.  *See* Plaintiff's Motion, Exhibits C and D.  As such, the class description should be limited to include only those workers also based at Stuart's Pleasanton, Texas location.  *See McCloud*, 2015 WL 737024 at *8 (limiting class to the two locations at which Plaintiffs and potential opt-in plaintiffs worked, based on their failure to include evidence relevant to Defendant's other locations across the nation).

       4.    **Measure Three-Year Period from Date of Notice**.  An FLSA collective action is to be considered "commenced" for statute of limitations purposes when an opt-in plaintiff's written consent to join the case is filed with the court. 29 U.S.C. § 256.  Plaintiff asks the Court to include in the proposed class all qualifying employees who worked for Defendants from three years prior to the date the Complaint was filed (April 13, 2015), up to the date notice is issued.  *See* Plaintiff's Motion at 19.  As Section 256's requirements favor measuring the date from the date of Notice, rather than the date the Complaint was filed, Defendants request the Court to amend the proposed class description accordingly.

**B.**    **Objections to Information Requested**

       Plaintiff requests the Court order Defendants to produce a list of their flow testers, as well as the following information for each name provided:  dates of employment, addresses, emails, phone numbers, social security numbers, and dates of birth.  Plaintiff's Motion at 2.  Plaintiff's request is overbroad and unsupported.  *See, e.g., Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 865-66 (S.D. Tex. 2012) (denying plaintiffs' request for addresses and social security numbers, and limiting information to be produced to names and telephone numbers only).

*Defendants' Response to Plaintiff's Motion for Conditional*         Page 8 of 12
*Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

First, Plaintiff's request for class members' social security numbers and dates of birth raises significant privacy concerns. *White v. Integrated Elec. Technologies, Inc.,* No. 12-359, 2013 WL 2903070, at *10 (E.D. La. June 13, 2013). Consequently, courts have refused to order disclosure of such information when plaintiffs will be provided adequate contact information for members of the collective action class. *See id; see also Humphries v. Stream Int'l, Inc.,* No. 3:03–CV–1682–D, 2004 WL 2656442 (N.D. Tex. Feb. 13, 2004) (declining to order defendants to produce the last four digits of class members' Social Security numbers because "[t]his highly personal information about persons who may in fact have no interest in this litigation should not be disclosed on the thin basis that [plaintiff's] counsel desires it"). Defendants also object to Plaintiff's request for telephone numbers and dates of employment, as such information is unnecessary for notice.

Plaintiff has not demonstrated a need, related to issuing notice to the collective action class, for the potential class members' telephone numbers, social security numbers, dates of birth, and dates of employment. *See Jones v. JGC Dallas LLC*, No. 3:11-CV-2743-O, 2012 WL 6928101, at *8 (N.D. Tex. Nov. 29, 2012), *report and recommendation adopted,* 3:11-CV-2743-O, 2013 WL 271665 (N.D. Tex. Jan. 23, 2013) (denying request for telephone numbers, dates of birth, or dates of employment for potential class members when no need was offered for the same). As "the privacy and security concerns inherent in disclosing any portion of a Social Security number [and date of birth] … outweigh the benefit of such disclosure," and Plaintiff has not demonstrated a need for the information, Plaintiff's request should be limited to the names, addresses, and email addresses of potential class members. *See id.; see also White,* 2013 WL 2903070 at *10.

## C.   Objections to 10-Day Turnaround for Provision of Employee Information

Plaintiff requests the Court order Defendants to provide the requested information regarding each potential class member within 10 days of the Court ordering provision of the same.

*Defendants' Response to Plaintiff's Motion for Conditional*
*Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

Page 9 of 12

*See* Plaintiff's Motion at 13; Proposed Order (Doc. 15-1) at 1.  Such a request is untenable and

unduly burdensome due to Defendants' unique situation.  On November 1, 2014, Stuart was sold

and changed ownership, during which its principal place of business moved from Brenham, Texas,

to Houston, Texas.  *See* Appendix.  Stuart's physical records related to workers and employees

which predate the sale are located in a storage warehouse in Brenham, Texas, and are not easily

accessible; further, the vast majority of these records are not stored electronically.  *See id.* As Stuart

representatives will have to travel to Brenham and make time to search through thousands of

documents for the relevant information, Defendants respectfully request the Court allow them 30

days to provide Plaintiff the requested information.

**D.       Objections to Utilization of Electronic Signature**

The FLSA's requirements are plain. In authorizing collective actions, Section 216 of the

FLSA states that, "[n]o employee shall be a party plaintiff to any [FLSA collective action] unless

he gives his consent in writing to become such a party and such consent is filed in the court in

which such action is brought." *Vanzzini v. Action Meat Distributors, Inc.*, 995 F. Supp. 2d 703,

718 (S.D. Tex. 2014) (quoting 29 U.S.C. § 216(b)).   In *Becker v. Montgomery*, 532 U.S. 757

(2001), the Supreme Court held that a typewritten name did not suffice as a signature for purposes

of Rule 11, concluding that in Rule 11 the word "signed" meant "a name handwritten (or a mark

hand placed)." *Id*. at 764. As the Court subsequently explained, the signature requirement is "a

'think twice' prescription that 'stem[s] the urge to litigate irresponsibly.'" *Scarborough v. Principi*,

541 U.S. 401, 416 (2004) (quoting *Edelman v. Lynchburg College*, 535 U.S. 106, 116 (2002)).

This argument is highly analogous to the case at hand.  If Plaintiff distributes the Notice

via email, as requested, and potential class members are provided the option of simply clicking a

few buttons to enter into the lawsuit, they will do so without encouragement to carefully consider

*Defendants' Response to Plaintiff's Motion for Conditional*                                    Page 10 of 12
*Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

whether they desire to participate in litigation, and the implications of the same.  Conversely, with each quick "click," Defendants are further burdened in their efforts to defend against the plaintiffs' claims—including those plaintiffs who, but for the easy opt-in procedure provided via an electronic notice and digital signature, would not have considered participating in a collective action against Defendants.

Though Plaintiff provides a lengthy argument for allowing potential class members to consent to participating in the lawsuit via electronic or digital signature, he provides no authority from the Western District to do so, and only two unpublished opinions from outside the Western District in favor of such an action.  Based on the arguments above, Defendants object to the use of electronic or digital signatures for consent, and ask the Court to require potential class members to provide their "written signatures" in accordance with Section 216(b) of the FLSA.

**E.      Objections to Notice**

Based on the objections offered above, Defendants object to the proposed Notice (Plaintiff's Motion, Exhibit A), and request the Court provide a specified amount of time for Plaintiff's counsel and Defendants' counsel to confer regarding and agree to the proper form of the Notice.

**V.**
**<u>Prayer</u>**

Wherefore, premises considered, Defendants Stuart Petroleum Testers, Inc. and Scott Yariger pray the Court deny Plaintiff's Motion for Conditional Certification of a Collective Action and Authorization of Notice.  Alternatively, and as fully described above, Defendants pray the Court (1) amend the proposed collective action class description; (2) limit the information to be submitted to Plaintiff by Defendants to the names, addresses, and email addresses of those in the collective action class; (3) allow Defendants 30 days to submit the ordered information to Plaintiff;

*Defendants' Response to Plaintiff's Motion for Conditional*
*Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

Page 11 of 12

(4) deny Plaintiff's request to allow potential class members to provide consent by electronic signature; and (5) provide Plaintiff and Defendants a specified amount of time to confer and come on an agreement regarding the form of the Notice to be distributed to potential class members.

Respectfully Submitted,

THE ROSENBLATT LAW FIRM, P.C.
16719 Huebner Rd., Bldg. 1
San Antonio, Texas 78248
Tel:  (210) 562-2900
Fax: (210) 562-2929

By: */s/ Tiffanie S. Clausewitz*
James D. Rosenblatt
State Bar No. 00788320
james@rosenblattlawfirm.com
Tiffanie S. Clausewitz
State Bar No. 24051936
tiffanie@rosenblattlawfirm.com

ATTORNEY FOR DEFENDANTS
STUART PETROLEUM, INC. & SCOTT YARIGER

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2015, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will serve as notice of filing to the electronic mail Notice List.

*/s/ Tiffanie S. Clausewitz*

*Defendants' Response to Plaintiff's Motion for Conditional*
*Certification of a Collective Action and Authorization for Notice*
Civil Action No. 1:15-cv-00282-RP

Page 12 of 12