IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RORY DYSON, Individually and on Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| V. | § § | 1-15-CV-282  RP |
| STUART PETROLEUM TESTERS, INC. and SCOTT YARIGER, | § § § § | |
| Defendants | § § | |

### ORDER

Before the Court are Plaintiff's Motion to Dismiss and/or Strike Defendants' Affirmative Defenses, filed July 13, 2015 (Clerk's Dkt. #18) and the responsive pleadings thereto. After reviewing the parties' pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I.  BACKGROUND

Plaintiff Rory Dyson brings this action both individually and on behalf of all others similarly situated against defendants Stuart Petroleum Testers, Inc. ("Stuart") and Scott Yariger asserting violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

Plaintiff alleges Defendants provide oil and gas well monitoring services to energy companies in multiple states including Texas, Arkansas and Louisiana.  Plaintiff states he, and other putative class members, are employed as "flow testers" whose primary duties consist of monitoring oil and gas wells. (Plf. 1st Am. Compl. ¶¶ 16-19).

Plaintiff alleges he and other similarly situated workers were improperly classified by Defendants as independent contractors, rather than employees, and as a result were not paid overtime compensation as required by the FLSA for hours worked in excess of forty hours per week. (*Id*. ¶¶ 20-36).  Plaintiff further asserts Defendants' conduct was undertaken in willful,

malicious and/or reckless disregard of the mandates of the FLSA.  Specifically, Plaintiff alleges Defendants set up a paper profile designed to create the impression that flow testers were independent contractors, although in reality they were employees of Defendants.  (*Id*. ¶¶ 37-38). Plaintiff seeks actual and liquidated damages, attorney's fees and costs. (*Id*. ¶ 60).

In their answer, in pertinent part, Defendants assert Plaintiff's claims are barred because Defendants' conduct and actions "were undertaken in good faith and with reasonable grounds for believing that [their] conduct and actions did not violate any law, and in engaging in the conduct and taking the actions they took, Defendants at all times believed in good faith they were exercising their legal rights." (Def. 1st Am. Ans. ¶ 64).  Defendants also assert liquidated damages are not warranted "because Defendants acted in good faith and had reasonable grounds for believing their acts or omissions, which are denied, were not in violation of the FLSA."  (*Id*. ¶ 68).

Plaintiff has filed a motion seeking to dismiss or strike those two portions of Defendants' answer.  Specifically, Plaintiff maintains Defendants' assertions that they acted in good faith and believed their actions were not in violation of the FLSA are not supported by sufficient factual detail and thus properly dismissed.  The parties have filed responsive pleadings to the motion and the matters are now ripe for determination.

## II.  STANDARD OF REVIEW

The parties are in disagreement as to the standard of review applicable to Plaintiff's request. Plaintiff seeks relief under Federal Rules of Civil Procedure 12(b)(6) and 12(f). Rule 12(f) permits a party to request the Court strike "from a pleading an insufficient defense." FED. R. CIV. P. 12(f).  Rule 12(b)(6) permits a party to assert "defense[s] to a claim for relief . . . by motion" including "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).

Plaintiff relies on the Fifth Circuit's statement that an "affirmative defense is subject to the same pleading requirements as is the complaint." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th

Cir. 1999). Plaintiff maintains an affirmative defense is thus subject to the so-called "heightened pleading" standard enunciated in the Supreme Court's decisions in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, Plaintiff contends Defendants must provide more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555. Rather, according to Plaintiff, a pleading asserting an affirmative defense must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. *See Iqbal*, 556 U.S. at 679 ("where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief'") (quoting FED. R. CIV. P. 8(a)(2)).

As Defendants point out, in the very decision cited by Plaintiffs, the Fifth Circuit applied the traditional "fair notice" standard to the pleading of an affirmative defense. *Woodfield*, 193 F.3d at 362 (defendant must plead affirmative defense with "enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced," noting in some cases "merely pleading the name of the affirmative defense" may be sufficient). Nor has any federal court of appeals decided whether the heightened pleading standard announced in *Twombly* and *Iqbal* extends to affirmative defenses.[1] District courts in the Fifth Circuit have differing views on the question. Compare *In re Wheeler Hospitality, Inc.*, 2013 WL 1335642, at *18 (Bankr. N.D. Tex. Mar. 29, 2013) (asserting most courts have applied plausibility standard of pleading to affirmative defenses); *Herrera v. Utilimap Corp.*, 2012 WL 3527065, at *2 (S.D. Tex. Aug. 14, 2012) (same); *Vargas v. HWC Gen. Maint., LLC*, 2012 WL 948892, at *2 (S.D. Tex. Mar. 20, 2012) (concluding plausibility standard articulated in *Twombly* and *Iqbal* applies to sufficiency of affirmative defenses)

---

[1] The Court is aware of only one appellate decision which raises the question, but notes the court declined to address it. *See Herrera v. Churchill McGee, LLC*, 680 F.3d 539, 547 n.6 (6th Cir. 2012) (declining to address sufficiency of pleading of affirmative defense, and thus "express[ing] no view regarding impact of *Twombly* and *Iqbal* on affirmative defenses").

with *Republic Title of Texas, Inc. v. First Republic Title, LLC*, 2015 WL 4737080, at *1 (N.D. Tex. Aug. 10, 2015) (applying "fair notice" pleading standard in absence of Fifth Circuit authority applying *Twombly* and *Iqbal* pleading standard to affirmative defenses); *Certain Underwriters at Lloyd's Subscribing to Policy no. TCN034699 v. Bell*, 2014 WL 4546046, at *2 (S.D. Miss. Sept. 11, 2014) (applying "fair notice" standard, noting commentary suggesting "this interpretation is the majority view"); *United States ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418–19 (S.D. Tex. 2014) (concluding traditional fair notice pleading standard is most appropriate for evaluating affirmative defenses under Rule 12(f)); *Schlesinger v. Hasco Thibodaux, LLC*, 2014 WL 527657, at *2 (E.D. La. Feb. 7, 2014) (applying "fair notice" pleading standard in absence of contrary Fifth Circuit authority); *Cordero v. Voltaire, LLC*, 2013 WL 6415667, at *7 (W.D. Tex. Dec. 6, 2013) (applying "fair notice" standard based on Fifth Circuit's continued application of *Woodfield* even after *Twombly*).

The Court finds the better view is that of Defendants, for a number of reasons. First, Rule 8 uses different language in stating the pleading requirements for a claim and an affirmative defense. *See* FED. R. CIV. P. 8(a)(2) (a pleading stating a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); FED. R. CIV. P. 8(c)(1) (in responding to a pleading, "a party must affirmatively state any avoidance or affirmative defense"). This difference is noteworthy because the decisions in both *Twombly* and *Iqbal* focuses on the text of Rule 8(a)(2). *See Iqbal*, 556 U.S. at 678–79 (quoting Rule 8(a)(2)); *Twombly*, 550 U.S. at 556 n.3 (discussing language of Rule 8(a)(2). Second, "while a motion to dismiss can resolve a case, thereby avoiding discovery entirely, motions to strike only prolong pre-discovery motion practice; as such, raising the standard for pleading affirmative defenses would only encourage more motions to strike." *Floridia*, 2012 WL 1565533, at *2. Third, a different standard for plaintiffs and defendants is sensible, given that defendants have only twenty-one days within which to serve an answer, whereas plaintiffs can prepare their complaints over years, limited only by the statute of

limitations. *Parikh*, 302 F.R.D. at 419; *Lane v. Page,* 272 F.R.D. 581, 590–91 (D.N.M. 2011). Finally, the "insufficient defense" language in Rule 12(f) has traditionally been read to allow challenges to the legal sufficiency of an asserted defense, rather than factual deficiencies. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982) ("Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law"); *Parikh*, 302 F.R.D. at 419 (citing Wright & Miller, 5C F𝐸𝐷. P𝑅𝐴𝐶. & P𝑅𝑂𝐶. C𝐼𝑉. § 1381 (3d ed.) ("In sum, a motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits").[2]  Thus, the Court will address Plaintiff's motion under the "fair notice" pleading standard.

### III.  ANALYSIS

Plaintiff seeks to strike as insufficiently plead Defendants' assertions that their conduct was "undertaken in good faith and with reasonable grounds for believing that its conduct and actions did not violate any law" and that they are not subject to liquidated damages because they "acted in good faith and had reasonable grounds for believing" they were not acting in violation of the FLSA. (*Id*. ¶¶ 64, 68). Plaintiff suggests these bald assertions fall short as they do not provide any factual support or explanation for the basis for Defendants' belief that they were acting in accordance with law.

Plaintiff's argument is focused on the so-called "heightened pleading" requirements of *Twombly* and *Iqbal*, which the Court has explained are not at issue here. The focus under the "fair notice" standard is not on pleading facts, but whether the plaintiff faces "unfair surprise." *Woodfield*, 193 F.3d at 362 (the "pleading requirement is met if the defendant sufficiently

---

[2]  It is worth noting that a district court in Delaware has identified eleven separate justifications for continuing to apply different pleading standards to claims for relief and affirmative defenses. *Bayer CropScience AG v. Dow AgroSciences LLC,* 2011 WL 6934557, at *1-2 (D. Del. Dec.30, 2011).

articulated the defense so that the plaintiff [is] not a victim of unfair surprise"). Thus, "in some cases, merely pleading the name of the affirmative defense" may suffice. *Id*. *See also Dennis v. Gen. Imaging, Inc.*, 918 F.2d 496, 499-500 (5th Cir. 1990) (in the absence of unfair surprise, defendants did not waive defense by failing to plead it in their answers).

Under the FLSA, an employer who failed to properly pay wages to its employees "shall be liable to its employees in the amount of their overtime compensation plus an equal amount of liquidated damages." *Bodle v. TXL Mortgage Corp.*, 788 F.3d 159, 162 (5th Cir. 2015) (citing 29 U.S.C. § 216(b)). However, an employer who "demonstrates that it acted reasonably and in good faith" may avoid liability for liquidated damages. 29 U.S.C. § 260; *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999).

By the language of their answer, Defendants are clearly seeking to invoke the "good faith defense" to avoid the imposition of liquidated damages. Plaintiff is correct that Defendants do not provide specific facts supporting their assertion of "good faith." Indeed, Defendants do not even cite the relevant section of the FLSA. Nonetheless, this Court agrees with our sister court in concluding the allegations "barely scrape[] over the fair notice standard" as the allegations provide "Plaintiff fair notice of the nature of the defense, and avoids an unfair surprise with an unexpected defense." *Rodriguez v. Physician Lab. Servs., LLC*, 2014 WL 847126, at *3 (S.D. Tex. Mar. 4, 2014) (noting only someone already familiar with FLSA would recognize "good faith defense," based on Defendants' pleading, but denying motion to dismiss affirmative defense). *See Floridia*, 2012 WL 1565533, at *4 (finding allegation that "Defendants' acts or omissions, if found to be in violation of the FLSA, were in good faith and based upon reasonable grounds for believing that its actions did not violate the FLSA. Defendants believed Plaintiff would be exempt from the payment of overtime" provided "sufficient factual particularity to give Plaintiff fair notice of the defense Defendants are advancing," and denying motion to dismiss affirmative defense). *See also F.T.C. v. Verma Holdings, LLC*, 2013 WL 4506033, at *5 (S.D. Tex. Aug. 22, 2013) (concluding answer

asserting "Defendants acted in good faith and in a lawful manner toward consumers and in conformity with all applicable laws and regulations" provided fair notice to plaintiff of basis of good faith affirmative defense under the FTC Act). Accordingly, Plaintiff has not shown dismissal of the challenged portions of Defendants' answer is warranted.

## IV. CONCLUSION

The Court hereby **DENIES** Plaintiff's Motion to Dismiss and/or Strike Defendants' Affirmative Defenses (Clerk's Dkt. #18).

**SIGNED** on August 18, 2015.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE