IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RORY DYSON, Individually and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:15-CV-00282-RP |
| STUART PETROLEUM TESTERS, INC. AND SCOTT YARIGER, | § § § § | |
| Defendants. | § § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT

NOW COME Plaintiff **Rory Dyson**, individually and on behalf of all individuals who filed consents to join this Lawsuit and remain part of the Collective Action Class as of this date, and Defendants **Stuart Petroleum Testers, Inc.** and **Scott Yariger**, and move this Court for an Order approving the Settlement Agreement attached as Exhibit A.

The Parties respectfully submit that this motion should be granted because the proposed Settlement Agreement represents a fair and reasonable resolution of a bona fide dispute. The Settlement Agreement, which was the product of arms-length negotiations by experienced counsel, will provide monetary compensation to all Plaintiffs and eliminate the risks both sides would bear should this litigation continue.

The Settlement Agreement provides that Defendants agree to pay a total settlement sum of $160,000.00 within 10 days of the Court approving this settlement. Plaintiffs executed a contingency fee agreement to pay counsel 40% of the gross recovery plus litigation expenses. Therefore 40% of the settlement sum ($64,000.00) will be paid to Plaintiffs' counsel in attorneys'

fees, $1,669.65 to Plaintiffs' counsel as reimbursement for expenses, and $94,300.35 will be paid to the Plaintiffs. The Plaintiffs shall receive their proportionate share of the settlement based on the number of hours of overtime they worked for Defendants. Plaintiffs calculated their unpaid overtime from the hours recorded on each Plaintiffs' job invoices. Under this arrangement, each Plaintiff will receive over 65% of their overtime wages allegedly owed. This is an excellent result for the Plaintiffs, because the vast majority of the damages fall within the extended three-year statute of limitations period of the FLSA. The agreement provides that Plaintiffs' counsel shall assume responsibility for managing disbursements to the class and assume all associated costs.

A bona fide dispute exists between the parties. Plaintiffs alleged that Defendants violated the FLSA because Defendants classified their flow tester work force as independent contractors instead of employees. Defendants denied Plaintiffs' allegations and argued that they properly classified the workers in question as independent contractors. Defendants also maintained that even if their classification was erroneous, any possible violation was perpetrated in good faith, and was not willful, thereby limiting any possible recovery to a two-year statute of limitations without liquidated damages.

If Plaintiffs' allegations were ultimately correct, Defendants would be faced with the prospect of a monetary judgment in favor of Plaintiffs, as well as an obligation to pay attorney fees and costs incurred by Plaintiffs. If Defendants' arguments were correct, then Plaintiffs would face no recovery. The parties on both sides were represented by able counsel throughout this litigation. The Settlement Agreement eliminates the inherent risks both sides would bear if this complex litigation continued to resolution on the merits. Such negotiations allowed the Parties to bridge the significant gap between the Parties' settlement positions and obtain the resolution described. Under these circumstances, a presumption of fairness attaches to the proposed settlement. *See*

*Lynn's Food Stores, Inc*., 679 F.2d at 1354 (recognizing Courts rely on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

The attorneys' fees are reasonable and fair as well. Class representative and lead Plaintiff Rory Dyson executed a contingency fee agreement to pay counsel 40% of the gross recovery plus litigation expenses. This is within the normal range for contingency fee awards. *Villarreal, et al. v. Source Refrigeration & HVAC, Inc*.; No. Civ. A. 1:12-cv-00243 (W.D.Tex., October 8, 2013) Doc. 71 (approving 40% contingency fee in FLSA collective action); *Covey, et al. v. Iron Cactus, et al*.; No. Civ. A. 1:12-cv-00111-SS (W.D. Tex. August 6, 2013) (approving 40% contingency fee in FLSA collective action); *Barnard et al v. Intertek USA Inc*., No. Civ. A. 4:11-cv-02198 (S.D. Tex., Jan. 8, 2014); Doc. 184 (approving 40% contingency fee in an FLSA collective action); *Green-Johnson v. Fircroft, et al*., No. Civ. A. 4:12-cv-01307 (S.D. Tex., April 3, 2013); Doc. 50 (approving 40% contingency fee in an FLSA collective action).

For the foregoing reasons, the Parties respectfully request that the court enter an order approving their settlement agreement. A proposed order is attached for the Court's consideration.

Respectfully Submitted,

**KENNEDYHODGES, L.L.P.**
711W. Alabama St.
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

By: */s/ Galvin B. Kennedy*
    Galvin B. Kennedy
    State Bar No. 00796870
    Gkennedy@kennedyhodges.com

ATTORNEYS FOR PLAINTIFFS

                                        **THE ROSENBLATT LAW FIRM, P.C.**
                                        16719 Huebner Rd., Bldg. 1
                                        San Antonio, Texas 78248
                                        Tel:  (210) 562-2900
                                        Fax: (210) 562-2929

                             By:  */s/ Tiffanie S. Clausewitz*
                                        Tiffanie S. Clausewitz
                                        State Bar No. 24051936
                                        tiffanie@rosenblattlawfirm.com

                                        ATTORNEYS FOR DEFENDANTS


### CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2016, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system which will serve as notice to the electronic mail Notice List.

                                        */s/ Tiffanie S. Clausewitz*
                                        Attorney