# EXHIBIT A

## CONFIDENTIAL RELEASE AND SETTLEMENT AGREEMENT

1.      **Parties to this Agreement**.  The parties to this Agreement are RORY DYSON, ALVIN GARVEY, MIKE TYREE, LARRY BLACKWELL, JESUS ESPINOZA, KIM BIRDWELL, CHAD SOWELL, KRIS WEST, and MICHAEL WILLIAMS ("Plaintiffs"), and STUART PETROLEUM TESTERS, INC. and SCOTT YARIGER, their successors, predecessors, parents, subsidiaries, affiliates, shareholders, divisions, and related companies, and their respective present and former employees, owners, officials, directors, officers, and agents (together "SPTI," and together with Plaintiff, the "Parties").

2.      **Purpose of Agreement**.  This Agreement is being entered into to settle all claims asserted between the Parties in Cause No. 1:15-cv-282 RP, *Rory Dyson v. Stuart Petroleum Testers, Inc. and Scott Yariger,* before the United States District Court, Western District of Texas (the "Lawsuit").

3.      **Consideration**.   The consideration for this Agreement, which all Parties acknowledge is sufficient, consists of the release and acknowledgements contained herein and the following payments from SPTI to Plaintiff for a total of $160,000 allocated as follows:

     i.      $94,300.35 to Plaintiffs as consideration for releasing their claims, to be allocated per Plaintiff according to the attached Schedule A;

     ii.     $65,699.65 to Kennedy Hodges, LLP as attorneys' fees and expenses/costs.

4.      **Court Approval.**  The Parties shall work together to draft and submit a Motion asking the Court to approve this settlement, including asking the Court to find that the settlement is fair, reasonable and adequate.

5.      **Payment Schedule.**  SPTI's payments to the Plaintiffs and Kennedy Hodges, LLP shall be made no later than 10 business days after the later of the date on which (a) the Court orders approval of the Parties' proposed settlement agreement, or (b) receipt of all Parties' signatures on the Agreement, or (b) receipt of all Plaintiffs' signed W-4 forms. The date defined and determined by this Section shall be called the "Effective Date" of the Agreement.

     i.      Payments will be issued as follows:

          a.      Separate checks payable to each Plaintiff in the amounts indicated in the attached Schedule A, less applicable withholdings for which form 1099s shall issue.

          b.      One check payable to "Kennedy Hodges, LLP" for $65,699.65 for which a 1099 shall issue. Kennedy Hodges, LLP tax identification number is 20-2035047.

     ii.     Payments shall be considered made when sent.

   iii.  All checks to Plaintiffs and Kennedy Hodges, LLP shall be sent to:

      Kennedy Hodges, LLP
      711 W. Alabama St.
      Houston, Texas 77006

 6.  **[Proposed] Final Judgment And Order Of Dismissal.** Within twenty (20) days of the Effective Date, the Parties shall request the Court to issue a [Proposed] Final Judgment and Order of Dismissal ("Proposed Final Judgment"), which shall, *inter alia*:

   i.  Confirm the settlement is fair, reasonable, adequate, in good faith and in the best interests of the Plaintiffs, as a whole, and order the Parties to carry out the provisions of this Agreement.

   ii.  Dismiss with prejudice all actions, complaints and claims and any lawsuit as against Defendants and/or the SPTI Released Parties (as that term is defined in Section 7 below), including the Lawsuit, arising out of or related to any of the actions or events complained of in the Lawsuit.

   iii.  Adjudge that all members of the Plaintiff Class are conclusively deemed to have released Defendants and the SPTI Released Parties of and from any and all rights, claims, demands, liabilities, causes of action, liens and judgments arising out of or in any way related to the matters set forth, or that could have been set forth, in the Lawsuit in relation to the alleged claims relating to the release of the Plaintiffs.

   iv.  Bar and permanently enjoin each Plaintiff from prosecuting against Defendants and the Released Parties any and all of the settled and released claims which the Plaintiffs had, have or may have in the future, arising out of, based upon, or otherwise related to any of the settled and released Claims (as defined in Section 7 below), or any of the allegations asserted in the Lawsuit.

 6.  **Release.** Plaintiffs (on behalf of themselves and their heirs, assigns, attorneys, representatives, and other agents) hereby unconditionally, fully and completely releases, acquits, forever discharges SPTI, and all of their respective parent, successor, subsidiary, and affiliated entities and their collective current and former principals, partners, shareholders, dealers, agents, employees, insurers, reinsurers, successors, assigns, attorneys, and other representatives (collectively referred to as "the SPTI Released Parties") of and from any and all claims, demands, actions, causes of action, suits, debts, contracts, agreements, promises, liabilities, compensation, bonuses, costs, expenses and damages of any kind or character whatsoever accrued or unaccrued, known or unknown, foreseen or unforeseen, in law or in equity, whether or not asserted in the Lawsuit, arising under the Fair Labor Standards Act ("FLSA"), 42 U.S.C. §§1981, *et seq.*, (collectively "Claims"), including all Claims related to the Lawsuit and the facts and circumstances involved in the Lawsuit.

RELEASE AND SETTLEMENT AGREEMENT          Page 2 of 7

SPTI, for itself and its respective predecessors, successors, affiliates, subsidiaries, agents, assigns, and all persons claiming by or through it, and in all representative capacities, release, acquit, and forever discharge  Plaintiffs, as well as, as the case may be, its predecessors, successors, heirs, agents and assigns, of and from any and all known and unknown claims, causes of action, demands, damages, remedies, debts, contracts, costs, expenses, losses, and any other claims which SPTI has, may have, or ever had against Plaintiffs, arising out of claims asserted in the Lawsuit.

7.     **Tax Liability.**  Plaintiffs understand and expressly agree that they shall be liable for the payment of all federal, state, and local taxes that may be determined to be due as a result of any consideration or payment made pursuant to Paragraph 4 of this Agreement. Plaintiffs acknowledge that neither SPTI nor any of the Released Parties, nor any of their representatives, agents, or attorneys, has made any promises, representations or warranties, express or implied, regarding the tax consequences of any consideration paid to Plaintiffs pursuant to this Agreement.

8.     **Warranties and Representations**.  The Parties hereto represent and warrant for themselves that:

      i.     Before executing this Agreement, he or it became fully informed of the terms, contents, conditions, and effect of this Agreement;

      ii.     He or it is legally competent to execute this Agreement;

      iii.     This Agreement is fully and forever binding on each of them;

      iv.     No promise or representation of any kind has been made by or on behalf of the other except as is expressly stated in this Agreement;

      v.     In entering this Agreement, he or it has had the benefit of the advice of lawyers of his or its own choosing and is entering into this Agreement freely, by his or its own choice and judgment, and without duress or other influence;

      vi.     He or it owns the claims being settled and released and has not assigned or transferred the same in whole or part; and

      vii.     He or it understands that this Agreement is a full, final and complete release of the Claims identified in paragraph 4 above, and that the consideration identified is the only benefit any party shall ever receive from any other opposing party for such Claims.

9.     **No Admission of Liability**.  This Agreement is entered into for the purpose of compromising the disputed claims in the Lawsuit.  The execution of this Agreement is not intended to be, and shall not be, an admission by any of the Parties of any liability whatsoever,

and shall not constitute an admission by any Party of the validity of the claims and defenses held or asserted by the other.

10.   **Confidentiality.**   The Parties covenant, warrant and agree the terms of this Agreement shall be kept strictly confidential and that the Parties and their agents will never publish the terms of this Agreement, including but not limited to the consideration exchanged in this Agreement, in any manner or form to any person or entity, except as required by a court of competent jurisdiction or by law.

11.   **Entire Agreement**.   This Agreement represents the entire agreement of the Parties with respect to the subject matter hereof.

12.   **Multiple Parts.**   This Agreement may be executed in multiple counterparts, each of which shall be deemed an original for all purposes, and all of which together shall constitute one instrument.

13.   **Choice of Law.**   This Agreement is made and performable in Texas, and shall be governed by and construed in accordance with the laws of the State of Texas without regard or reference to choice or conflict of laws, except the normal rule of construction that ambiguities shall be construed against the drafter shall not be employed in the interpretation of this Agreement.

14.   **Forum.**   If any dispute arises over the interpretation and/or performance of this Agreement or any of its provisions, the Parties agree to attempt to resolve the dispute with a mediator agreed upon by the Parties before filing suit, including attending an in-person mediation if a resolution cannot be reached over the phone or otherwise.  If a dispute between the Parties cannot be resolved at the required in-person mediation, the Parties agree that any litigation they choose to pursue shall be filed in state or federal court in the State of Texas.

15.   **Non-Disparagement**.   SPTI agrees that if contacted by any prospective employer or contractor of any Plaintiff, it shall disclose only the Plaintiff's dates of employment, position(s) held, and final rate of pay.

*(Remainder of page intentionally left blank)*

## Signature Page:  Plaintiffs

My signature below indicates that I have read and understand the terms of this settlement and release and that I agree to such terms.

_____     Date: _____
**RORY DYSON**


_____     Date: _____
**ALVIN GARVEY**


_____     Date: _____
**MIKE TYREE**


_____     Date: _____
**LARRY BLACKWELL**


_____     Date: _____
**JESUS ESPINOZA**


_____     Date: _____
**KIM BIRDWELL**


_____     Date: _____
**CHAD SOWELL**


_____     Date: _____
**KRIS WEST**


_____     Date: _____
**MICHAEL WILLIAMS**

**Signature Page:  Defendants**

My signature below indicates that I have read and understand the terms of this settlement and release and that I agree to such terms.

_____      **Date: _____**
**KIRK YARIGER, AS AUTHORIZED
AGENT FOR STUART PETROLEUM
TESTERS, INC.**


_____      **Date: _____**
 **SCOTT YARIGER**

**SCHEDULE A**

| | |
|---|---|
| AL GARVEY | $ 38,842.11 |
| MIKE TYREE | $ 7,160.06 |
| LARRY BLACKWELL | $ 9,013.45 |
| JESUS ESINOZA | $ 12,967.12 |
| RORY DYSON | $ 16,865.65 |
| KIM BIRDWELL | $ 3,667.27 |
| CHAD SOWELL | $ 1,572.58 |
| KRIS WEST | $ 4,023.79 |
| MICHAEL WILLIAMS | $ 188.30 |